

# CT Corporation

**Service of Process Transmittal**
06/28/2018
CT Log Number 533601951

| | |
|---|---|
| **TO:** | Dan Norkol<br>Ditech Financial LLC<br>345 Saint Peter St Ste 400<br>Saint Paul, MN 55102-1212 |
| **RE:** | Process Served in Tennessee |
| **FOR:** | Ditech Financial LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROGER & ELIZABETH COTE, PLTF. vs. DITECH FINANCIAL LLC, AND FEDERAL NATIONAL MORTGAGE ASSOCIATION, DFTS. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT |
| **COURT/AGENCY:** | Lewis County Circuit Court, TN<br>Case # 2018CV5 |
| **NATURE OF ACTION:** | Foreclosure Litigation - Mortgage - 1333 Centerville Highway, Hohenwald, Tennessee 38462 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/28/2018 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date this summons is served upon you |
| **ATTORNEY(S) / SENDER(S):** | Patricia A. Jones<br>Legal Aid Society of Middle Tennessee and the Cumberlands<br>1121 Trotwood Ave., Ste 4<br>Columbia, TN 38401<br>931-381-5533 ext. 260 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/28/2018, Expected Purge Date: 07/03/2018<br><br>Image SOP<br><br>Email Notification,  Dan Norkol  dan.norkol@ditech.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 300 Montvue RD<br>Knoxville, TN 37919-5546 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CERTIFIED MAIL



7018 0040 0001 1150 7845



LEGAL AID SOCIETY
OF MIDDLE TENNESSEE AND THE CUMBERLANDS
1121 Trotwood Ave., Suite 4
Columbia, TN 38401

**TO:**
CT Corporation

Registered Agent for Ditech

300 Montvue Road

Knoxville, TN 37919-5546

| LEWIS COUNTY | STATE OF TENNESSEE<br>CIVIL SUMMONS<br>page 1 of 1 | DOCKET NUMBER<br>2018-CV-5 |
|---|---|---|

**Roger & Elizabeth Cote Vs. Ditech Financial, Llc & Federal National Mortgage Association**

Served On:

__Ditech Financial LLC__   CT CORPORATION, REGISTERED AGENT; 300 MONTVUE ROAD, KNOXVILLE, TN 37919-5546

You are hereby summoned to defend a civil action filed against you in Circuit Court, Lewis County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: __June 26, 2018__                          _[signature]_ Barbara Hinson
                                                                Clerk / Deputy Clerk

Attorney for Plaintiff:  Patricia A. Jones, Legal Aid Society
                         1121 Trotwood Ave., Ste. 4; Columbia, TN 38401

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, Barbara Hinson Circuit Clerk of Lewis County do certify this to be a true and correct copy of the original summons issued in this case.

Date: __6/26/18__    _[signature]_ Barbara Hinson
                      Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____    By: _____
                            Please Print: Officer, Title

Agency Address    Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____    _____
                         Notary Public / Deputy Clerk (Comm. Expires _____ )

Signature of Plaintiff    Plaintiff's Attorney (or Person Authorized to Serve Process)
                          (Attach return receipt on back)

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

Case 1:18-cv-00052   Document 1-2   Filed 07/19/18   Page 3 of 14 PageID #: 9

Rev. 03/11

IN THE CIRCUIT COURT FOR LEWIS COUNTY, TENNESSEE

| | |
|---|---|
| **ROGER & ELIZABETH COTE,** ) | |
| ) | |
| **Plaintiffs.** ) | |
| ) | |
| vs. ) | Docket No. 2018-CV-5 |
| ) | |
| **DITECH FINANCIAL LLC, AND** ) | FILED 26th |
| ) | DAY OF June |
| **FEDERAL NATIONAL MORTGAGE** ) | 2018 AT 11:50 A |
| **ASSOCIATION;** ) | Barbara Hinson |
| ) | BARBARA J HINSON |
| **Defendants.** ) | CIRCUIT, GENERAL SESSIONS & JUVENILE COURT CLERK |

**VERIFIED COMPLAINT**

Plaintiffs, Roger and Elizabeth Cote (hereinafter "the Cotes"), bring this action against Defendants Ditech Financial, LLC (hereinafter "Ditech") and Federal National Mortgage Association (hereinafter "Fannie Mae") for their failure to comply with the Federal Real Estate Settlement Procedures Act (RESPA). Plaintiffs seek rescission of the foreclosure sale of their home and reinstatement of their mortgage loan on the grounds that Defendants failed to act in accordance with proper guidelines in connection with their application for a loan modification prior to the foreclosure sale and as a result, improperly sold their home in foreclosure. Plaintiffs allege that in addition to violating the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 – 2617, Defendants have engaged in conduct that violates the duty of good faith and fair dealing.

Parties

1.  Plaintiffs Roger and Elizabeth Cote are citizens of Hohenwald in Lewis County, Tennessee.

2.  Defendant Ditech Financial, LLC, is incorporated in the state of Delaware. The address of its principal place of business is 1100 Virginia Drive, Suite 100A, Fort Washington, PA 19034-

1

3276. Based upon information from the Tennessee Secretary of State's Website, Ditech Financial, LLC is registered to do business in this state. The registered agent for Ditech Financial, LLC is CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919-5546.

3. Defendant Federal National Mortgage Association is a Congressionally-chartered private company that participates in the secondary mortgage market by purchasing mortgage loans and mortgage related securities for investment and for issuing guaranteed mortgage related securities. Since September 2008, Fannie Mae has conducted business under the direction of the Federal Housing Finance Agency (FHFA).

## Jurisdiction

4. This Court has jurisdiction of this cause pursuant to T.C.A. §§ 16-1-101, 102, and 103.

5. Each cause of action alleged herein arose from facts that occurred or substantially occurred in Lewis County, Tennessee; thus, venue is proper in Lewis County, Tennessee pursuant to T.C.A. § 20-4-101.

## Facts of the Case

6. On January 18, 2005, the real property located at 1333 Centerville Highway, Hohenwald, Tennessee 38462, was conveyed to Plaintiff Roger Cote by deed from James E. Hinson and Dorothy S. Hinson.

7. The property is situated in the Third (3rd) Civil District of Lewis County, Tennessee and is more specifically described as follows:

> Beginning at a concrete marker in the west margin of Highway No. 48, and also being Donnie Frazier's most southeast corner, and runs thence south 29 degrees 30 minutes east with said Highway 400 feet to a stake; thence south 27 degrees east 62.50 feet to an iron pin in the west margin of Highway No. 48; thence leaving said margin south 72 degrees 30 minutes west 622 feet to a stake in center of Cane Creek; thence down said creek north 62 degrees west 31 feet to a point in center of creek; thence north 37 degrees 30 minutes

2

> west 274 feet to a point in center of creek; thence leaving said creek south 60 degrees west 50 feet; thence south 20 degrees west 200 feet to a stake in hollow; thence up said hollow south 23 degrees 30 minutes west 100 feet; thence south 35 degrees west 100 feet to a stake on side of hollow, being Sisco and Skelton's corner; thence north 2 degrees 30 minutes east with Skelton's east boundary line 858 feet to a stake in edge of field; thence south 87 degrees 30 minutes east 148.5 feet to a stake in center of creek; thence up said creek as follows: south 19 degrees east 112 feet, south 28 degrees east 190 feet to a point in center of creek being Donnie Frazier's most southwest corner; thence with Frazier's south boundary line north 72 degrees 30 minutes east 520 feet to the point of beginning, containing 9.66 acres, more or less.

8. The mortgage loan upon which this civil action is based originated on August 29, 2005.

9. At all times pertinent to this cause of action, Defendant Fannie Mae has been the owner of the mortgage loan (i.e., investor).

10. At all times pertinent to this cause of action, Ditech has been the servicer of the mortgage loan, acting as agent for the owner Fannie Mae.

11. Throughout the life of this mortgage, Plaintiffs have encountered several unfortunate events including illnesses and loss of employment, which led to the mortgage loan being modified in 2011 and 2016.

12. In the first half of 2017, Plaintiff Elizabeth Cote's father, who had been providing financial assistance to the Cotes, died.

13. As a result, the Cotes suffered additional financial difficulties, which led to them falling behind on their mortgage payments once again.

14. In or around September of 2017, Plaintiff Elizabeth Cote contacted Defendant Ditech and requested loss mitigation assistance.

15. A representative of Ditech advised Plaintiff Elizabeth Cote that she would need to obtain the loss mitigation application from the internet.

3

16. When Plaintiff Elizabeth Cote was unable to locate the loss mitigation application on Ditech's website, she once again called Ditech and asked that a loss mitigation application be mailed to her.

17. The Cotes did not receive the loss mitigation application until November 2017, after Plaintiff Elizabeth Cote had called Ditech two more times requesting that the application be mailed to her.

18. After receiving the loss mitigation application in November 2017, the Cotes completed the application and submitted it to Ditech via facsimile on December 29, 2017.

19. On or about January 11, 2018, a representative of Ditech called and advised the Cotes that their loss mitigation application was incomplete and that three additional documents were needed.

20. Specifically, Ditech requested the following three documents:

   a. a statement from Plaintiff Elizabeth Cote, as a non-borrower spouse, that she contributes one hundred percent of her income to the household;

   b. a statement from Plaintiff Elizabeth Cote that authorized Ditech to use her social security number as needed in processing the Cotes' loss mitigation application; and

   c. a statement from Plaintiff Roger Cote that he does not file an income tax return as his only income is Social Security disability.

21. On that same day, January 11, 2018, the Cotes faxed all three requested documents to Ditech.

22. A few days later, the Cotes received a letter from Ditech, dated January 11, 2018, in which Ditech stated that their loss mitigation application was incomplete because it had not received a "Contribution to Household Letter" or a Credit Authorization from Elizabeth Cote.

23. Because those documents had already been submitted to Ditech on January 11, 2018, the Cotes did not submit any additional paperwork and assumed that their loss mitigation application was complete as of January 11, 2018.

24. On January 15, 2018, Ditech appointed Wilson & Associates, PLLC, as successor trustee under the Deed of Trust.

25. On January 30, 2018, Wilson & Associates, PLLC, sent the Cotes a letter and notice informing them that a foreclosure sale of their residence was set to occur on March 1, 2018. That letter was duly received by the Cotes.

26. After receiving the letter from Wilson & Associates, PLLC, on or about February 2, 2018, Plaintiff Elizabeth Cote called Ditech and was told not to worry about the foreclosure sale date because it would be postponed until the Cotes' loss mitigation application was properly evaluated.

27. On or about February 8, 2018, Plaintiff Elizabeth Cote spoke to Angela, her Single Point of Contact at Ditech, and was told that the loss mitigation application was in order and was being submitted to the underwriters for evaluation.

28. After not hearing any further from Ditech about their loss mitigation application, the Cotes contacted Ditech on or about February 27, 2018, and were told that their loss mitigation application had been denied and that the foreclosure sale of their home would occur on March 1, 2018.

29. The Cotes requested a reinstatement amount from Ditech, but they were told that the reinstatement amount had to come from Wilson & Associates, PLLC, as the substitute trustee.

30. On February 28, 2018, the Cotes were advised by a representative of Wilson & Associates, PLLC, that the reinstatement amount was $8,562.79 and that the full amount had to be received that same day in order for the foreclosure sale to be cancelled.

31. The Cotes immediately went to the Bank of Lewis County in Hohenwald, Tennessee, to borrow the money needed to reinstate the loan; however, they were told that it was impossible for the loan to be processed the same day.

32. After learning that they would be unable to obtain the funds to reinstate the loan before the foreclosure sale was scheduled to occur the next day, the Cotes contacted Ditech and requested that the sale be postponed. Their postponement request was denied.

33. On March 1, 2018, the Cotes' home was sold at auction to Ditech for the sum of $90,860.44.

34. Subsequent to the sale of the Cotes' home, the Cotes received a letter from Ditech, dated February 27, 2018, stating that their loss mitigation application had been evaluated and it was determined that the Cotes did not qualify for mortgage assistance.

35. The Cotes then received a second letter from Ditech, dated March 14, 2018, which stated that the Cotes were ineligible for a short sale, deed in lieu of foreclosure, or settlement of their account, but that they may be eligible for a reinstatement or repayment plan.

36. After receiving the letter dated March 14, 2018, the Cotes contacted Ditech about reinstating the loan or entering into a repayment plan but were told that they did not qualify for those options because the home had been sold at foreclosure.

37. On May 25, 2018, Federal National Mortgage Association filed a detainer action against the Cotes in the General Sessions Court for Lewis County, Tennessee, Docket Number 2018-CV-113, which is set for July 6, 2018.

## Causes of Action

### COUNT I: Violation of Real Estate Settlement Procedures Act, Regulation X (12 C.F.R. § 1024.41)

38. The Bureau of Consumer Financial Protection has issued mortgage servicing regulations in regard to loss mitigation pursuant to the Real Estate Settlement Procedures Act (RESPA).

39. Pursuant to 12 U.S.C. § 2605(f) and 12 C.F.R. § 1024.41(a), RESPA gives the Cotes a right to enforce federal regulations related to mortgage servicing and loss mitigation.

40. Ditech, as agent for Fannie Mae, violated 12 C.F.R. § 1024.41(b)(1) by not exercising reasonable diligence in obtaining any needed information and documentation required to complete the loss mitigation application submitted by the Cotes before initiating the foreclosure process.

41. Ditech, as agent for Fannie Mae, violated 12 C.F.R. § 1024.41(c) by failing to timely provide written notice to the Cotes about the completeness of their loss mitigation application, failing to timely evaluate the Cotes' completed application, and failing to timely provide the Cotes with written notice stating its determination of which loss mitigation options, if any, it would offer to the Cotes on behalf of Fannie Mae.

42. Ditech, as agent for Fannie Mae, violated 12 C.F.R. § 1024.41(f) by appointing Wilson & Associates as substitute trustee and beginning the foreclosure process before properly evaluating the completed loss mitigation application submitted by the Cotes.

43. Ditech, as agent for Fannie Mae, violated 12 C.F.R. § 1024.41(g) by going forward with the foreclosure sale before properly evaluating the loss mitigation application that had been submitted more than thirty-seven days before the sale.

7

## COUNT II: Breach of Contract / Implied Duty of Good Faith and Fair Dealing

44. Ditech and Fannie Mae exercised a lack of good faith and fair dealing by their actions in initiating and proceeding with a foreclosure sale without having complied with the federal mortgage servicing guidelines, as set forth in Count I.

45. As a matter of basic equity and fair dealing, Ditech and Fannie Mae should be required to rescind the foreclosure sale, thereby allowing Ditech to fully analyze the Cotes' loss mitigation application, to reinstate their mortgage, and to restore them to their pre-foreclosure status.

46. At all relevant times, the Cotes acted with honesty and good faith in their dealings with Ditech and Fannie Mae.

## COUNT III: Promissory Estoppel

47. On or about February 2, 2018, Ditech, as agent for Fannie Mae, assured the Cotes that the foreclosure sale scheduled for March 1, 2018, would be postponed so that their completed loss mitigation application could be properly evaluated. Based upon that assurance, the Cotes reasonably believed that the foreclosure sale scheduled for March 1, 2018, would not occur.

48. Notwithstanding its assurance to the Cotes, Ditech went forward with the foreclosure sale on March 1, 2018. As a result, the Cotes lost title to and ownership of their home, a substantial loss and detriment to them.

49. If Ditech had not assured the Cotes that the sale would be postponed, they would have taken action to avoid the sale of the home, such as borrowing money to reinstate the loan or filing a Chapter 13 Bankruptcy before it was too late.

## COUNT IV: Negligent Misrepresentation

50. On or about February 2, 2018, a representative of Ditech, as agent for Fannie Mae, assured the Cotes that the foreclosure sale scheduled for March 1, 2018, would be postponed so that their

8

completed loss mitigation application could be properly evaluated. Based upon that assurance, the Cotes reasonably believed that the foreclosure sale scheduled for March 1, 2018, would not occur.

52. Because of this assurance, the Cotes did not explore other options to keep their home such as borrowing the money to reinstate the mortgage or filing a Chapter 13 Bankruptcy.

53. The Cotes have suffered loss and harm because of the negligent misrepresentation made by Ditech, and it would be unfair and unjust to deprive the Cotes of ownership and possession of their property.

**WHEREFORE,** Plaintiffs Roger and Elizabeth Cote pray that this Court:

1. Deny possession of the property to Ditech and/or Fannie Mae;

2. Allow them to recover any foreseeable damages that occurred due to Ditech's violations of RESPA and Defendants failures to perform under the contract;

3. Grant them equitable relief in the form of rescission of the foreclosure sale of the property and reinstatement of their mortgage loan;

4. Award them attorney fees and discretionary costs;

5. Tax costs to Ditech and/or Fannie Mae; and,

6. Award further and general relief as may be appropriate.

Respectfully submitted this the ___26th___ day of June, 2018.

Patricia A. Jones, BPR No. 31618
Legal Aid Society of Middle Tennessee
and the Cumberlands
1121 Trotwood Ave., Ste 4
Columbia, TN 38401
(931) 381-5533, ext. 260 | pjones@las.org

*Attorney for Plaintiffs*
*Roger and Elizabeth Cote*

9

# OATH

STATE OF TENNESSEE )
)
COUNTY OF Maury )

I, Roger Cote, being first duly sworn according to law, make oath that the facts contained in my Verified Complaint are true to the best of my knowledge and belief and that the Complaint is being made in truth and sincerity for the purposes mentioned within it.

_____
ROGER COTE

Sworn to and subscribed to before me on this the 26th day of June, 2018.

_____
Notary Public

My commission expires: 9/18/2018

[Notary Seal: CHRISTIE L. BRADFORD, STATE OF TENNESSEE NOTARY PUBLIC, MAURY COUNTY]

10

## OATH

**STATE OF TENNESSEE** )
)
**COUNTY OF** Maury )

I, Elizabeth Cote, being first duly sworn according to law, make oath that the facts contained in my Verified Complaint are true to the best of my knowledge and belief and that the Complaint is being made in truth and sincerity for the purposes mentioned within it.

_Elizabeth Cote_
ELIZABETH COTE

Sworn to and subscribed to before me on this the 26th day of June, 2018.

_Christie Bradford_
Notary Public

My commission expires: 9/18/2018

11